**CONSOLIDATED GAS CO. OF NEW YORK v. PRENDERGAST et al.**

(District Court, S. D. New York. June 19, 1925.)

Appeal and error ⊜365(2) — District Court has power to vacate allowance of appeal, in order to permit appellant to correct error or omission.

District Court has power to vacate allowance of appeal, in order to permit appellant to correct error or omission, in view of rule 5, continuing term of court at which decree was entered.

In Equity. Suit by the Consolidated Gas Company of New York against William A. Prendergast and others, constituting Public Service Commission of the State of New York, and Albert Ottinger, as Attorney General of the State of New York. On motion by defendant last named for modification of decree, and for an order vacating allowance of his appeal. Motion to modify decree denied. Motion to vacate allowance of appeal granted.

See, also, 6 F.(2d) 243.

Shearman & Sterling, of New York City (John A. Garver, William L. Ransom, Jacob H. Goetz, and Banford H. E. Freund, all of New York City, of counsel), for plaintiff.

John Holley Clark, Jr., of New York City, for defendant Ottinger.

WINSLOW, District Judge. This is a motion made by defendant the Attorney General of the State of New York for relief as follows:

First. Modifying the final decree heretofore entered on May 7, 1925, changing a provision contained in paragraph XIII thereof in substance requiring plaintiff to do various acts and things, particularly the giving of an undertaking only in case an appeal from the decree is taken by the defendants, or any of them, within 30 days from the entry of the decree, by changing 30 days to 50 days.

Second. For an order vacating the allowance of the appeal by the defendant Attorney General, heretofore made by this court on June 4, 1925.

The motion to modify the decree is denied.

As to the second application, an examination of the papers discloses, as the apparent reason for the motion, that there is a probability, or possibility, that the codefendants, the Public Service Commission, will not appeal from the decree in question, thus necessitating a severance if the Attorney General alone is to appeal.

The record discloses that no summons in severance was served on the codefendant, the Public Service Commission, before the allowance of the appeal, which presumably would deprive the appellants of a hearing of the appeal on the merits. It would be most unfortunate if, because of technicality, the appellant, the Attorney General, should be deprived of his day in court, assuming that the appeal is intended in good faith, of which the court entertains no doubt.

The serious question involved is as to the power of this court to vacate the allowance of the appeal, in order that the error or omission referred to may be corrected by the Attorney General. Under rule 5, the term of the court at which the decree was entered is continued. Therefore the motion now under consideration is deemed to be made at the same term. While there is some doubt in the court's mind as to its power, I have resolved that doubt in favor of the Attorney General, for the reasons heretofore indicated, as well as upon the authority of Goddard v. Ordway, 101 U. S. 745, at pages 752, 753, 25 L. Ed. 1040.

I am impressed that the matters involved in this case and its review by the Supreme Court are of vital interest, not alone to the Attorney General, but to the plaintiff corporation as well, and the plaintiff will not be unmindful of the desirability of having the questions impartially passed upon with-

out technical objection. Counsel for the plaintiff has stated on the argument before me that the plaintiff will abide by the view of the court in this respect.

The order heretofore made on June 4, 1925, allowing the appeal, will be vacated. The motion to that extent is granted; otherwise, denied.